986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jimmie Lee PARKER, Petitioner-Appellant,
v.
STATE OF KANSAS; Attorney General, State of Kansas,
Respondents-Appellees.
 No. 92-3312.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1993.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jimmie Lee Parker, a pro se prisoner, brought this habeas corpus petition in forma pauperis, alleging numerous constitutional defects in his state criminal proceedings. The federal district court held that Mr. Parker had failed to exhaust his state court remedies, dismissed the petition without prejudice, and declined to issue a certificate of probable cause. We agree that Mr. Parker has not demonstrated the necessary exhaustion of state remedies, and we deny his motions for in forma pauperis status on appeal and for a certificate of probable cause.
 
 
 3
 "The law is well settled that as a matter of comity, federal courts should not consider a claim on habeas corpus until after the state courts have had an opportunity to act." Osborn v. Shillinger, 861 F.2d 612, 616 (10th Cir.1988). "To fulfill the exhaustion requirement, a petitioner must present his claim to a state appellate court." Id.
 
 
 4
 The pro se pleadings before us, construed broadly, contain no indication that Mr. Parker has raised the substance of his constitutional claims either in a direct appeal of his state conviction or in state post-conviction proceedings. Indeed, in his federal habeas petition, Mr. Parker states that he has not presented these claims to the highest state court having jurisdiction because "[his] attorney told [him] the state courts would only hold [him] up." Rec., vol. I, doc. 2 at 12. Regardless of whether Mr. Parker and/or his attorney believe the state courts will view his claims with favor, the claims must first be presented to those courts. See 28 U.S.C. § 2254(b), (c). Accordingly, Mr. Parker's claims were properly dismissed without prejudice for failure to exhaust the remedies available in the state courts.
 
 
 5
 Petitioner's motions to file this appeal without payment of fees and for a certificate of probable cause are DENIED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3